UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ROSALINDA CASTILLO,
      Plaintiff,

v.                                                Case No.:    16-cv-1519

QUALITY JANITORIAL SERVICES, LLC,

QUALITY JANITORIAL SERVICES, INC.,

    and

HECTOR CORTEZ,
      Defendants.

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff Rosalinda Castillo against her former employers, Quality Janitorial Services, LLC, Quality Janitorial Services, Inc., and Hector Cortez, for violations of the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin wage and hour laws. Plaintiff Rosalinda Castillo was an hourly employee of Quality Janitorial Services, LLC, Quality Janitorial Services, Inc., and Hector Cortez at times since May 2015. At all times during Plaintiff Rosalinda Castillo's employment, Hector Cortez oversaw the day-to-day operations and had control over the compensation practices and human resources of Quality Janitorial Services, LLC. Since May 2015, Defendants Quality Janitorial Services, LLC, Quality Janitorial Services, Inc., and Hector Cortez failed to

compensate Plaintiff Rosalinda Castillo at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty hours in a given workweek in violation of the FLSA and Wisconsin wage and hour laws.

2.  Plaintiff Castillo brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), for purposes of obtaining relief under the FLSA for unpaid overtime compensation, unpaid wages, liquidated damages, costs, attorneys' fees, injunctive relief, and/or any such other relief that the Court may deem appropriate. Plaintiff Castillo brings this action pursuant for purposes of obtaining relief for under Wisconsin's wage and hour laws for unpaid overtime compensation, agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief that the Court may deem appropriate.

3.  Defendants Quality Janitorial Services, LLC, Quality Janitorial Services, Inc., and Hector Cortez's willful failure to compensate Plaintiff Castillo at one and one-half times her regular rate for hours worked in excess of forty in a given workweek violates the FLSA and Wisconsin law.

## JURISDICTION AND VENUE

4.  This Court has original jurisdiction under 28 U.S.C. § 1331, because this case presents federal questions brought under the FLSA.

5.  The Court has supplemental jurisdiction over the Wisconsin state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants Quality Janitorial Services, LLC, Quality Janitorial Services, Inc., and Hector Cortez have substantial and systematic contacts in this District.

## PARTIES

7. Defendant Quality Services, LLC is a Wisconsin Limited Liability Company doing business as Quality Services, LLC with a principal office located in Fond du Lac, Wisconsin. Quality Services, LLC's registered agent for service of process in the State of Wisconsin is United States Corporation Agents, Inc. located in Green Bay, Wisconsin.

8. Defendant Quality Services, Inc. is a Wisconsin Incorporation doing business as Quality Services, LLC with a principal office located in Fond du Lac, Wisconsin. Quality Janitorial Services, Inc.'s registered agent for service of process in the State of Wisconsin is United States Corporation Agents, Inc. located in Green Bay, Wisconsin.

9. Defendant Hector Cortez ("Cortez") is an adult resident of the State of Wisconsin who is the owner/operator of Quality Janitorial Services, LLC. Cortez has had control over the compensation practices and human resources of Quality

Services, LLC at all times since May 2015, including deciding how to compensation Plaintiff Castillo and to terminate Plaintiff Castillo.

10. Defendants Quality Janitorial Services, LLC, Quality Janitorial Services, Inc., and Hector Cortez are joint employers and hereinafter collectively referred to as "Defendants" and/or "Quality Janitorial Services".

11. Joinder of Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) because Plaintiff's rights to relief are asserted against Defendants arising out of the same series of occurrences and common questions of law and fact.

12. Plaintiff Rosalinda Castillo is an adult resident of the State of Wisconsin who was formerly employed at Quality Janitorial Services, LLC.

## GENERAL ALLEGATIONS

13. Plaintiff Castillo was formerly an employee of Defendants who worked as a "General Laborer" from approximately May 2015 until on or around May 21, 2016.

14. Since May 2015, Defendants have provided and continue to provide cleaning services for commercial businesses in Wisconsin.

15. At all times during her employment for Defendants, Plaintiff Castillo performed cleaning services at commercial business locations.

16. During her employment with Defendants, Plaintiff Castillo generally performed her duties at specific business locations during the workweek.

17. Since May 2015, Defendants regularly suffered or permitted Plaintiff Castillo to work in excess of forty hours per week for work she performed from the office.

18. Defendants paid Plaintiff Castillo an hourly rate of $9.00 per hour.

19. Defendants agreed to provide a $1.00 per hour raise to Plaintiff Castillo, but failed to do so.

20. Since May 2015, Plaintiff Castillo worked more than forty hours in various workweeks while employed by Defendants.

21. Since May 2015, Defendants paid Plaintiff Castillo the same hourly rate for hours Plaintiff Castillo worked that were over forty in a workweek as those that were under forty hours in a workweek.

22. Since approximately May 2015, Defendants failed to pay Plaintiff Castillo for hours worked in excess of forty in any given workweek at a rate of one and one-half time her regular rate in violation of the FLSA and Wisconsin law.

23. Since approximately May 2015, Defendant Cortez has been the owner and operator of Quality Janitorial Services.

24. Since approximately May 2015, Defendant Cortez was involved in the management, supervision, and oversight of Quality Janitorial Services and had the ability to hire and fire employees; was involved in and had control over employee compensation, benefits decisions, and policy making; was involved in Quality Janitorial Services' day-to-day functions; and had a role in determining employee rates of pay.

25. Defendant Cortez made the decision to compensation Ms. Castillo at an hourly rate and without overtime premium compensation.

26. Defendant Cortez made the decision to terminate Ms. Castillo from her employment for Defendants.

27. In March 2016, Plaintiff Castillo complained in writing to Defendants that Defendants were violating the FLSA by not paying her overtime premium compensation.

28. After Plaintiff Castillo's complaint to Defendants about not being paid overtime compensation, Defendants asked Plaintiff Castillo for certain paperwork or documents.

29. Defendants did not ask any other employees for the same paperwork or documents.

30. Plaintiff Castillo complained to Defendants that Defendants request for this paperwork of documents was retaliation for her complaint that Defendants were not paying her overtime compensation.

31. Defendants asked Plaintiff Castillo for this paperwork or documents, and terminated Plaintiff Castillo in retaliation for her complaint that Defendants were not paying her overtime compensation as required by the FLSA.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act – Unpaid Overtime

32. Plaintiff Castillo reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

33. Between approximately May 2015 until on or around May 21, 2016, Plaintiff Castillo has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

34. Between approximately May 2015 until on or around May 21, 2016, Quality Janitorial Services has been and continues to be an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

35. Between approximately May 2015 until on or around May 21, 2016, Quality Janitorial Services was an employer of Plaintiff Castillo as provided under the FLSA.

36. As a result of the above alleged practices, Quality Janitorial Services violated the FLSA, 29 U.S.C. §§ 207 *et seq.*, by failing to account for and compensate Plaintiff Castillo at one and one-half times her regular rate for hours worked in excess of forty in a workweek since May 2015.

37. Plaintiff Castillo is entitled to damages equal to the mandated overtime rate of one and one-half times her regular rate since May 2015, plus periods of equitable tolling because Quality Janitorial Services acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

38. Quality Janitorial Services' failure to properly compensate Plaintiff Castillo was willfully perpetrated and Plaintiff Castillo is therefore entitled to recover unpaid wages dating back to May 2015.

7

39. Plaintiff Castillo is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

40. Alternatively, should the Court find that Plaintiff Castillo is not entitled to liquidated damages, Plaintiff Castillo is entitled to an award of pre-judgment interest at the applicable legal rate.

41. Pursuant to the FLSA, 29 U.S.C § 216(b), Plaintiff Castillo is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

### SECOND CLAIM FOR RELIEF
#### Violations of Wisconsin Law –
#### Unpaid Agreed Upon Wages and Overtime

42. Plaintiff Castillo reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

43. Between approximately May 2015 until on or around May 21, 2016, Plaintiff Castillo was an employee within the meaning of Wis. Stat. § 109.01 *et seq.*

44. Between approximately May 2015 until on or around May 21, 2016, Plaintiff Castillo was an employee within the meaning of Wis. Stat. § 103.001 *et seq.*

45. Between approximately May 2015 until on or around May 21, 2016, Plaintiff Castillo was an employee within the meaning of Wis. Stat. § 104.01 *et seq.*

8

46. Between approximately May 2015 until on or around May 21, 2016, Plaintiff Castillo was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

47. Between approximately May 2015 until on or around May 21, 2016, Plaintiff Castillo was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

48. Between approximately May 2015 until on or around May 21, 2016, Quality Janitorial Services was an employer within the meaning of Wis. Stat. § 109.01 *et seq*.

49. Between approximately May 2015 until on or around May 21, 2016, Quality Janitorial Services was an employer within the meaning of Wis. Stat. § 103.001 *et seq.*

50. Between approximately May 2015 until on or around May 21, 2016, Quality Janitorial Services was an employer within the meaning of Wis. Stat. § 104.01 *et seq*.

51. Between approximately May 2015 until on or around May 21, 2016, Quality Janitorial Services was an employer within the meaning of Wis. Admin. Code § DWD 272.001 *et seq*.

52. Between approximately May 2015 until on or around May 21, 2016, Quality Janitorial Services was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

53. Between approximately May 2015 until on or around May 21, 2016, Defendant Cortez was an employer within the meaning of Wis. Stat. § 109.01 *et seq.*

54. Between approximately May 2015 until on or around May 21, 2016, Defendant Cortez was an employer within the meaning of Wis. Stat. § 103.001 *et seq.*

55. Between approximately May 2015 until on or around May 21, 2016, Defendant Cortez was an employer within the meaning of Wis. Stat. § 104.01 *et seq.*

56. Between approximately May 2015 until on or around May 21, 2016, Defendant Cortez was an employer within the meaning of Wis. Admin. Code § DWD 272.001 *et seq.*

57. Between approximately May 2015 until on or around May 21, 2016, Defendant Cortez was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

58. Between approximately May 2015 until on or around May 21, 2016, Quality Janitorial Services had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Castillo for all agreed-upon and overtime wages owed pursuant to Wisconsin law.

59. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than thirty-one days prior to the date of payment.

60. The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of overtime and agreed-upon wages.

61. As set forth above, Plaintiff Castillo has sustained losses in her compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff Castillo seeks damages in the amount of her respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

62. Under Wis. Stat. § 109.11, Plaintiff Castillo is entitled to civil penalties equal and up to fifty percent of her unpaid wages.

63. Plaintiff Castillo seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to Wisconsin wage laws.

## THIRD CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act – Retaliation

64. Since March 2016, Defendants have required additional paperwork or documents from Plaintiff Castillo, yet Defendants have not required this this same paperwork or documents from Defendants' other employees.

65. Since March 2016, Defendants have failed to provide Plaintiff Castillo with the $1.00 agreed upon raise, yet Defendants have provided this raise to their other employees.

66. Since March 2016, Defendants have put Plaintiff Castillo on a Performance Improvement Plan.

67. Since March 2016, Defendants have required Plaintiff Castillo to sign documents with each pay check, however these documents are only provided to her in English. Defendants have not required other employees to sign a similar document.

68. Defendants terminated Plaintiff Castillo's employment.

69. By the above actions, Defendants have retaliated and discriminated against Plaintiff Castillo in violation of the FLSA.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Castillo, respectfully requests the following relief:

a) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Quality Janitorial Services actions as described herein to be unlawful and in violation of Wisconsin Law;

b) An Order finding that Quality Janitorial Services violated the FLSA and Wisconsin wage and hour laws;

c) An Order finding that Defendants violations of the FLSA and Wisconsin law were willful, dilatory and unjust;

d) Judgment against Quality Janitorial Services in the amount equal to the Plaintiff Castillo's unpaid overtime and agreed upon wages at the applicable regular rate;

e) An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

f) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

g) Such other relief as the Court deems just and equitable.

Dated this 14th day of November, 2016.

>Respectfully submitted,
>
>*s/ Larry A. Johnson*
>Larry A. Johnson
>SBN 1056619
>Summer H. Murshid
>SBN 1075404
>Timothy P. Maynard
>SBN 1080953
>
>**Hawks Quindel, S.C.**
>222 East Erie Street
>Suite 210
>P.O. Box 442
>Milwaukee, WI 53201-0442
>Telephone: (414) 271-8650
>Fax: (414) 271-8442
>Email(s):  ljohnson@hq-law.com
>          smurshid@hq-law.com
>          tmaynard@hq-law.com